UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALBERT SIMS,

                         Petitioner,                        Case No. 1:12-cv-223

v.                                                Honorable Robert J. Jonker

WILLIAM SMITH,

                         Respondent.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## **Factual Allegations**

Petitioner John Albert Sims is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility where he is serving sentences issued by the Kent County Circuit Court.  In May 2007, Petitioner pleaded nolo contendere to obtaining money by false pretenses in an amount of at least $1,000 but less than $20,000, Mich. Comp. Laws § 50.218(4)(a), and the trial court sentenced him to 387 days in jail and restitution in the amount of $601,248.33. *See People v. Sims*, No. 286738, slip op. at 1 (Mich. Ct. App. Mar. 16, 2010).  In two related cases, Petitioner pleaded nolo contendere to uttering and publishing, Mich. Comp. Laws § 750.249, and forgery, Mich. Comp. Laws § 750.248.  *Id.*  The trial court sentenced Petitioner in both cases as a second habitual offender, Mich. Comp. Laws § 769.10, to concurrent terms of 10 to 21 years' imprisonment for each of his convictions.  *Id.*  The court also ordered Petitioner to pay restitution of $28,310.24.  *Id.*  The trial court departed upward from the sentencing guidelines when setting Petitioner's term of incarceration, in part, because the total amount owed in restitution far exceeded the amount contemplated by the guidelines.  *See id* at 2-4.

Petitioner appealed the criminal judgment to the Michigan Court of Appeals, which affirmed the convictions but remanded for resentencing because the restitution award was not supported by the record and, thus, that award did not justify an upward departure from the sentencing guidelines. *Id.* at 5.  In September 2010, the trial court issued a new judgment of sentence, reducing the restitution award slightly and reducing the term of Petitioner's sentences for forgery and for uttering and publishing to 8 to 21 years.  Petitioner appealed the new sentence to the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on April 14, 2011, and November 23, 2011, respectively.

-2-

In his habeas petition, Petitioner asserts the following grounds for relief:

I.      The trial court "used dismissed charges and unproven disputed restitution amount" to enhance the sentence beyond the guidelines range, which is disproportionate to Petitioner's conduct and criminal history, and "no evidence has been verified or not disputed to support a substantial and compelling reason for departure."

II.     The trial court "did not seek nor use legally filed agreements between [Petitioner] and victim Jean Morin to validate . . . proof of claim [regarding amounts owed to the victim]."

III.    The trial court sentenced Petitioner beyond the guidelines range without an "objective and verifiable reason in support of the upward departure."

IV.     At resentencing, the trial court disregarded evidence of a dispute regarding the amount of money owed in restitution to the victim.

(Am. Pet. 6, 7, 9, 10, docket #9.)   The foregoing claims can be summarized as follows: (1) the restitution award was not supported by the evidence in the record, and (2) because of claim 1, the trial court lacked a sufficient reason to depart from the sentencing guidelines in setting Petitioner's term of incarceration.

## **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:   "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United

States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts.  *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).  The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final."  *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply.  *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision

-4-

applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410.

### Discussion

To the extent Petitioner merely challenges the amount that he should be required to pay in restitution, he does not state a cognizable habeas claim. The habeas statute provides that a federal court may entertain a habeas application by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The essential purpose of the writ of habeas corpus is to free individuals from wrongful restraints upon their liberty. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Where a habeas petitioner is not claiming the right to be released from custody but is challenging the imposition of a fine or other costs, he may not bring a petition for writ of habeas corpus. *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir.1995). Liability under a restitution order is like a fine-only conviction and is not a sufficient restraint on liberty to warrant habeas relief. *See Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Tinder v. Paula*, 725 F.2d 801, 805 (1st Cir. 1984); *see also Mullins v. Birkett*, No. 2:09-cv-12515, 2010 WL 764386, at *3 (E.D. Mich. Mar. 4, 2010) (citing *Flores v. Hickman*, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008) (holding that imposition of a restitution order as part of a California state sentence could not be challenged under the habeas statute because restitution did not affect the duration of habeas petitioner's state custody)). If the appropriate relief for the alleged error would be an amendment to the court's order of restitution, rather than earlier release from custody, a writ of habeas corpus would be inappropriate. *Mullins*, 2010 WL 764386, at *2 (citing *United States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998)); *see also United*

-5-

*States v. Gianelli*, 543 F.3d 1178, 1184 n.7 (9th Cir. 2008) (stating that a federal prisoner "cannot

present his claim for relief from [a] restitution order as a habeas petition because he is not seeking

release from custody, and because review of restitution orders is not properly brought in a habeas

petition").

                      In Petitioner's case, it appears that the trial court relied, in part, on the amount of the

restitution award to set Petitioner's term of incarceration; thus, Petitioner can arguably challenge the

restitution award on that basis because it is effectively a challenge to the term of his sentence.

Nevertheless, Petitioner's challenges are without merit. First, Petitioner contends that the sentencing

court's departure from its sentencing guidelines was not supported by objective and verifiable

reasons. The Court of Appeals summarized Michigan law on this issue as follows:

> A court may depart from a sentencing guidelines range if it has "a substantial and
> compelling reason for that departure and states on the record the reasons for
> departure." MCL 769.34(3). But a court may not depart from the guidelines range on
> the basis of "an offense characteristic or offender characteristic already taken into
> account in" scoring the guidelines, "unless the court finds from the facts contained
> in the court record, including the presentence investigation report, that the
> characteristic has been given inadequate or disproportionate weight." MCL
> 769.34(3)(b). For a factor to qualify as substantial and compelling, it "must be
> objective and verifiable, meaning that it is external to the minds of the trial court, the
> defendant, and others involved in making the decision, and is capable of being
> confirmed." *People v Kahley*, 277 Mich App 182, 186; 744 NW2d 194 (2007). To
> qualify as substantial and compelling, the reason also must "keenly" or "irresistibly"
> grab a court's attention and be "of considerable worth" in deciding the length of a
> sentence. *People v Babcock*, 469 Mich 247, 257; 666 NW2d 231 (2003) (internal
> quotation omitted). "For a departure to be justified, the minimum sentence imposed
> must be proportionate to the defendant's conduct and prior criminal history." *People
> v Smith*, 482 Mich 292, 300; 754 NW2d 284 (2008); *see also Babcock*, 469 Mich at
> 262 n 20, 264.

*People v. Sims*, No. 286738, slip op. at 3. As is clear from the foregoing summary, the requirement

that a departure from the sentencing guidelines be supported by objective and verifiable evidence

derives from Michigan law. Habeas relief is not available for errors of state law, however; the extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson v. Corcoran*, 131 S. Ct. 13, 14 (2010); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Accordingly, Petitioner's assertion that his sentence violates the requirements of state law does not raise a cognizable habeas claim.

To the extent Petitioner asserts that the trial court's departure from the sentencing guidelines violates his right under the Sixth Amendment, per *Blakely v. Washington*, 542 U.S. 296 (2004), he states a cognizable claim, albeit one that is without merit. The Michigan Court of Appeals rightly rejected this claim as follows:

> Defendant lastly suggests that the trial court improperly departed from the sentencing guidelines range based on unproven allegations. We initially observe that defendant has abandoned this issue by supplying less than cursory treatment of the issue in his appellate brief. *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). More importantly, defendant's suggestion lacks merit. While facts supporting a departure from a maximum sentence term must be admitted by the defendant or found by a jury beyond a reasonable doubt, *Blakely v Washington*, 542 US 296, 301; 124 S Ct 2531; 159 L Ed 2d 403 (2004), this rule does not apply to the minimum sentence of an indeterminate sentence under Michigan's sentencing scheme. *See People v Claypool*, 470 Mich 715, 730 n 14; 684 NW2d 278 (2004).

*People v. Sims*, No. 286738, slip op. at 5. *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory

sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely*, 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely. See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007).

As indicated, Petitioner's Sixth Amendment claim was considered and rejected by the Michigan Court of Appeals, and it correctly determined that *Blakely* does not apply to Michigan's indeterminate sentencing scheme; thus, its decision was not contrary to federal law clearly established by the United States Supreme Court. Accordingly, Petitioner's Sixth Amendment claim is without merit.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

        The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

        A Judgment and Order consistent with this Opinion will be entered.


Dated:      May 22, 2012                        /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE

-10-